UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
**Urbana Division**

| | |
|---|---|
| **TIMOTHY C. ODOM,** ) | |
|         **Plaintiff,** ) | |
| **v.** ) | |
| ) | Case No. 07-2064 |
| **THOMAS J. DIFANIS,** ) | |
|         **Defendant.** ) | |

# REPORT AND RECOMMENDATION

In April 2007, Plaintiff, Tim Odom, acting *pro se*, filed a Complaint (#4) against Defendant, Thomas Difanis. The Court has jurisdiction based on federal question pursuant to 28 U.S.C. § 1331 because Plaintiff has alleged constitutional claims pursuant to 42 U.S.C. § 1983.

In July 2007, Defendant filed a Motion To Dismiss (#8). Plaintiff has not filed a response. After reviewing the parties' pleadings and Defendant's memorandum, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Defendant's Motion To Dismiss **(#8)** be **GRANTED**.

## I. Background

Plaintiff alleges in his complaint that Defendant, a circuit court judge in Champaign County, violated his constitutional rights "namely the right to use the law library on the second floor [of the county courthouse] that on at least one occasion I have paid a fee for" (#4, p. 4) and that Defendant is "keeping a person with disability namely Tim C Odom from a fair [trial] and the right to fil[e] . . . my document or initiat[e] . . . any legal matters on a timely [basis]." (#4, p. 4). Plaintiff's complaint includes copies of two administrative orders signed by Judge Difanis. The first one, dated December 30, 2004, states as follows: "Timothy Odom is hereby barred from the filing of any document with the Champaign County Circuit Clerk or the initiation of any legal action in the Champaign County Circuit Court without first having obtained written leave of Court to do so. This Order is effective immediately." (#4, p. 7.) The second one, dated January 31, 2007, states as follows: "Timothy Odom is barred from the

second and third floors of the Champaign County Courthouse effective immediately. The only exception will be for regularly scheduled hearings involving his case." (#4, p. 8.)

Plaintiff has asked for no relief.

## II.  Standard

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of the complaint, not to decide the merits of the case. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). When considering a motion to dismiss, the Court must accept as true all well-pleaded factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party. *Gutierrez v. Peters*, 111 F.3d 1364, 1368-69 (7th Cir. 1997). The Court should dismiss the claim only if the nonmoving party cannot prove any set of facts consistent with the allegations of the complaint that would entitle him to relief. *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1319-20 (7th Cir. 1997).

## III.  Analysis

Defendant argues that the statute of limitations bars any claims related to the December 2004 administrative order. Regarding claims related to the January 2007 administrative order, Defendant argues that (1) Plaintiff has failed to state a claim because he has alleged no injury and sought no relief; (2) assuming that Plaintiff is suing Judge Difanis in his official capacity, the doctrine of sovereign immunity bars the claim; (3) Plaintiff has failed to state a claim because he has not identified a constitutional right that he alleges has been violated; and (4) Judge Difanis is entitled to qualified immunity.

The Court agrees that the two-year statute of limitations for constitutional claims brought pursuant to 42 U.S.C. § 1983 (hereinafter "Section 1983") bars any claims related to the December 2004 administrative order. *See Ashafa v. City of Chi.*, 146 F.3d 459, 461 (7th Cir. 1998) (stating that, in Illinois, a two-year statute of limitations applies to Section 1983 claims). Accordingly, the Court recommends dismissing any claims related to the December 2004 administrative order.

As to claims related to the January 2007 administrative order, the Court agrees that Plaintiff has failed to a state a claim because he alleged no injury and requested no relief. "There is no tort without an injury, and this is as true of constitutional as of ordinary torts." *Niehus v. Liberio*, 973 F.2d 526, 531-32 (7th Cir. 1992) (citations omitted) (affirming dismissal of a claim of conspiracy to violate a plaintiff's constitutional rights where the plaintiff apparently alleged no injury and sought no damages). Accordingly, the Court recommends dismissing any claims related to the January 2007 administrative order.

Because Plaintiff has asked for no relief at all, the Court cannot address Defendant's sovereign immunity argument. If Plaintiff decides to try to amend his complaint, however, he should keep in mind that the Eleventh Amendment bars suits for money damages against a state official in his official capacity. *Sanville v. McCaughtry*, 266 F.3d 724, 733 (7th Cir. 2001).

Finally, if Plaintiff decides to file an amended complaint, the Court reminds him that Section 1983 does not authorize suits against states. *Power v. Summers*, 226 F.3d 815, 818 (7th Cir. 2000) (citing *Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997); *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 66 (1989) (stating that states are not "persons" within the meaning of Section 1983)). In an official-capacity suit against a state official such as Judge Difanis, the real party in interest is the state, in this case, the state of Illinois. *Wilson v. Civil Town of Clayton, Ind.*, 839 F.2d 375, 382 (7th Cir. 1988) ("An official-capacity suit is not a suit against the official as an individual; the real party in interest is the entity.").

### IV. Summary

For the reasons stated above, the Court recommends **GRANTING** Defendant's Motion To Dismiss **(#8)**. Because it is conceivable that Plaintiff can amend his complaint to state a claim related to the January 2007 administrative order, the Court recommends that the dismissal be without prejudice and that Plaintiff be granted leave to file an amended complaint within fourteen (14) days of this order.

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within ten (10) working days after being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTER this 28th day of August, 2007.

                                        s/ DAVID G. BERNTHAL
                                        U.S. MAGISTRATE JUDGE